MR. JUSTICE WEBER
dissents as follows:
I join in the dissent of Justice Gulbrandson. In addition I dissent as follows:
With regard to the covenant of good faith, the majority opinion holds in part:
“Breach of the covenant to deal fairly is, simply stated, breach of a legal duty to deal fairly. Breach of the duty owed to deal fairly in the employment relationship is a tort for which punitive damages can be recovered if defendant’s conduct is sufficiently culpable.”
I am unable to understand how the majority has arrived at that conclusion.
The majority refers to section 27-1-221, MCA, which in pertinent part states:
“In any action for a breach of an obligation not arising from contract . . . the jury . . . may give damages for the sake of example and by way of punishing the defendant.” (Emphasis added.)
The basic question here is whether there is a breach of an obligation not arising from contract.
In our original opinion, Gates v. Life of Montana Ins. Co. (1982), 196 Mont. 178, 638 P.2d 1063 at 1067, we stated the *321 key holding:
“We hold that a covenant of good faith and fair dealing was implied in the employment contract of the appellant.” In reaching that conclusion, we pointed out that a general principle of good faith and fair dealing has been recognized under the Uniform Commercial Code and also has been recognized in insurance contracts. We also pointed out that recent decisions in other jurisdictions support the proposition that a covenant of good faith and fair dealing is implied in employment contracts. Since we then concluded that in the Gates case a covenant of good faith and fair dealing was implied in the employment contract, it seems clear that such a covenant becomes a part of the employment contract as if it were set forth in writing.
An implied covenant can be breached, just as a covenant expressly stated in the contract can be breached. The present case is an action for breach of the covenant of good faith and fair dealing, arising from the contract from which that covenant is implied. Comparing the contractual covenant of good faith and fair dealing with the punitive damages section, it seems clear that breach of such a contractual obligation does not justify an award of punitive damages under the express terms of the statute.
The majority holds that the code section exempts only breach of contract actions from its provisions. Essentially, that is the nature of the present claim for relief.
The present holding has little relationship to our original holding in Gates. There we held that a covenant of good faith and fair dealing was implied in the employment contract. We remanded the cause to determine if the employee had been given due process and, if so, whether a breach of the covenant of good faith and fair dealing resulted. If I understand the majority, we now disregard the contractual relationship and its implied covenant, and hold that there is a duty to deal fairly, which apparently does not arise from the contract itself, and the breach of such duty is a tort for which punitive damages can be recovered.
*322 While I agree that it may be reasonable to amend section 27-1-221, MCA, to allow punitive damages for breach of an obligation arising from contract, we have traveled a long way to arrive at a conclusion which should have been left to the legislature.